BENJAMIN M. BOSWORTH *vs.* INHABITANTS OF SWANSEY.

A person who travels on the Lord's day, neither from necessity nor charity, canno' maintain an action against a town for an injury received by him, while so travelling, by reason of a defect in a highway which the town is by law obliged to repair.

In an action against a town, to recover damages for an injury received by the plaintiff by reason of a defect in a highway which the town is by law obliged to repair, and over which the plaintiff, when he received the injury, was travelling on the Lord's day, upon secular business, the burden of proof is on the plaintiff to show that such travelling was from necessity or charity.

THIS was an action on the Rev. Sts. *c.* 25, § 22, for an injury alleged to have been received by the plaintiff, by reason of a defect in a highway, in the town of Swansey, which said town was by law obliged to repair.

At the trial in the court of common pleas, before *Wells,* C. J. it appeared that the injury set forth in the plaintiff's declaration was sustained by him, as therein alleged, on the 11th of June 1843, being the Lord's day, in the forenoon of said day, as he was travelling from Warren, (R. I.) where he resided, to Fall River, on business connected with the conduct of a cause then pending in the district court of the United States in Rhode Island. The defendants admitted that they were by law bound to keep said highway in repair.

The judge instructed the jury, that the plaintiff would not be entitled to recover, unless he satisfied them that his travelling on the Lord's day was from necessity or for purposes of charity; that it being admitted that his business was of a secular character, the burden was upon him to show the necessity of transacting this business on the Lord's day.

The jury found a verdict for the defendants, and the plaintiff alleged exceptions to the judge's instructions.

*Coffin,* for the plaintiff. The Rev. Sts. *c.* 50, § 2, forbid travelling on the Lord's day, except from necessity or charity, under a penalty of $10 for every offence. This is all the penalty which the law imposes. See *Comyns* v. *Boyer,* Cro. Eliz. 485. *Geer* v. *Putnam,* 10 Mass. 312. *Clap* v. *Smith,* 16 Pick. 247. *Johnson* v. *Day,* 17 Pick. 106.

As the plaintiff has sustained an injury by reason of a defect in a way which the defendants were legally bound to keep in repair, the burden of the defence rests on them.

*Battelle & E. Williams*, for the defendants. The case cited from Cro. Eliz. 485, was declared, in *Drury* v. *Defontaine*, 1 Taunt. 136, not to be law; and it has long been settled that a penalty annexed to an act, by statute, implies a prohibition, and renders the act as illegal as if it were expressly prohibited. Story on Con. §§ 162, 219, and cases there cited. When the plaintiff grounds his action, as in this case, on a violation of law, the law will not assist him to recover. In *Lyon* v. *Strong*, 6 Verm. 219, it was held that no action could be maintained on a warranty, made on the sale of a horse (which was not an act of necessity or charity) on the Lord's day. See Story on Con. § 221. 23 Amer. Jurist, 10, 11.

In *Geer* v. *Putnam*, 10 Mass. 312, the question arose on a demurrer to a plea which did not show that the note declared on was given before sunset, or that the promisee knew that it was given on the Lord's day. Besides; the plea did not negative necessity and charity. It was an utterly insufficient plea, and the decision is no authority for the present plaintiff. And in *Clap* v. *Smith*, 16 Pick. 247, it did not appear that there was any violation of the law for the observance of the Lord's day. For aught that appears, the schedule to the assignment, in that case, might have been affixed after sunset.

The instruction as to the burden of proof was correct. It is to be applied to the case, as shown in evidence, namely, after proof that the plaintiff was engaged in secular business when he received the injury. The plaintiff was bound to prove his cause of action affirmatively; and the burden is on him who holds the affirmative, unless he brings himself within some established exception. The necessity of his travelling, if it existed, was peculiarly within his own knowledge; and for this reason the burden of proving it was on him. Greenl. on Ev. § 79. 1 Stark. Ev. 376. Peake on Ev. c. 5, § 1. *Lane* v. *Crombie*, 12 Pick. 177.

SHAW, C. J. This was an action to recover damages against a town for a defect in their highway, by means of which the plaintiff sustained a loss. It appeared that the accident occurred on the Lord's day.

It has been repeatedly decided that, to maintain this action, it must appear that the accident was occasioned exclusively by the defect of the highway; to establish which, it must appear that the plaintiff himself is free from all just imputation of negligence or fault. *Smith* v. *Smith*, 2 Pick. 621. *Howard* v. *North Bridgewater*, 16 Pick. 189. And in these and other cases, it has been held that the burden of proof is on the plaintiff, to prove affirmatively that he was so free from all fault. *Adams* v. *Carlisle*, 21 Pick. 146. *Lane* v. *Crombie*, 12 Pick. 177. The court are of opinion that this case comes within this principle. The Rev. Sts. *c*. 50, § 2, provide that " no person shall travel on the Lord's day, except from necessity or charity," and that " every person so offending shall be punished by a fine, not exceeding ten dollars for every offence." The act of the plaintiff, therefore, in doing which the accident occurred, was plainly unlawful, unless he could bring himself within the excepted cases ; and this would be a species of fault on his part, which would bring him within the principle of the cases cited. It would show that his own unlawful act concurred in causing the damage complained of. Then if he would bring himself within either of the exceptions, he must prove the fact which the statute makes an exception. In the case last above cited, *Lane* v. *Crombie*, the verdict was set aside, because the judge instructed the jury, that after the negligence of the defendants had been proved, if they relied on want of due care on the part of the plaintiff, the burden was upon them to prove it. This was held to be erroneous, and the burden was decided to be on the plaintiff to prove herself free from all fault. On this ground the verdict was set aside, although the evidence was such that probably the direction in regard to burden of proof had not much influence.

The court are therefore of opinion that the instruction of the

31 *

judge was right, that the burden of proof was on the plaintiff to show that his travelling on the Lord's day was from necessity or for purposes of charity.

What constitutes such necessity or purpose of charity, are ᴄuestions not raised by the bill of exceptions.

*Exceptions overruled.*